IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEH KUKLEUSKI,

     Petitioner,

v.                                   No. 1:26-cv-1243-KG-JMR

TODD LYONS, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Aleh Kukleuski's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Motion to Dismiss, Doc. 6.  For the reasons below, the Court denies the petition and grants the motion to dismiss.

### I.    Background

Petitioner is a citizen of Belarus who entered the United States on a temporary B1 visa in 2017.  Doc. 6 at 1.  He failed to leave the United States at the expiration of his visa and was arrested by Immigration and Customs Enforcement ("ICE") in 2025 after a state charge arrest in Florida.  *Id.* at 2.  He is currently held at the Torrance County Detention Facility in New Mexico. Doc. 1 at 1.

Petitioner applied for and received a bond hearing on July 29, 2025.  Doc. 6 at 2.  The immigration judge ("IJ") denied Petitioner's bond request because Petitioner was found to be a "danger to the community" his relief was "speculative" and he lacked "a viable sponsor."  Doc. 6-3 at 1.  Petitioner appealed the IJ's bond determination and that appeal was denied on April 23, 2026.  *See* Doc. 6-4.  Petitioner challenges his continued detention "in violation of due process." Doc. 1 at 2.  He seeks "release or, alternatively, a constitutionally adequate bond hearing."  *Id.*

1

In its response, the Government argues that Petitioner "was provided the required due process" and that this matter is "outside the realm of the many recent writs for habeas corpus" because Petitioner has already received a bond hearing.  Doc. 6 at 2.

## II.    Legal Standard

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Relevant here, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.    Analysis

The Court denies Petitioner's petition, Doc. 1.  Petitioner received a bond hearing on July 29, 2025.  Doc. 6 at 2.  At that hearing, the IJ considered the record and found that Petitioner failed to carry his burden and denied bond.  *Id.*  That is all § 1226 requires.  To the extent that Petitioner challenges the IJ's discretionary bond denial, that challenge was properly directed to the BIA.

*IV.* **Conclusion**

The Court denies the Petition, Doc. 1.  The Government's Motion to Dismiss, Doc. 6, is granted.  Petitioner's Motion for Extension of Time to File, Doc. 8, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.